Filed 7/10/15  P. v. Rose CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SCOTT ALEXANDER ROSE,<br><br>Defendant and Appellant. | C078176<br><br>(Super. Ct. Nos. CM041774, CM039843) |

Appointed counsel for defendant Scott Alexander Rose asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

On October 22, 2013, a Chico police officer observed several vehicle code violations on the motor home that defendant was driving and stopped the motor home. Defendant admitted to the officer that he had marijuana in the center console of the motor home. The officer searched the motor home and found 2.15 grams of marijuana, loaded firearms, and drug paraphernalia. The officer also found "numerous altered, blank, and pre-paid credit cards," along with "numerous jiggler keys, key blanks, key templates, bump keys, shaved keys and other fraudulent items." Defendant was arrested.

The People later charged defendant with several felonies and misdemeanors in Butte County Superior Court, case No. CM039843 (case No. 843). Defendant pleaded no contest to theft of the personal identifying information of 10 or more persons (Pen. Code, § 530.5, subd. (c)(3))[1] and carrying a concealed weapon within a vehicle (§ 25400, subd. (a)(1)). In exchange for his plea, the People dismissed the remaining charges.

The trial court suspended imposition of sentence, placed defendant on formal probation for a period of three years, and imposed various fines and fees, including a $280 probation revocation fine under section 1202.44. The trial court subsequently ordered defendant to pay direct victim restitution totaling $2,250.

On July 17, 2014, John Schreiber reported that his vehicle had been burglarized two days earlier. Schreiber reported the following items stolen from his locked vehicle: his driver's license, access cards, checks, computer equipment, and keys. Schreiber told the investigating officer that after the items were stolen from his car, lines of credit were opened in his name at various retail stores. Watching surveillance videos from several of those retail stores, law enforcement identified defendant as one of the two people involved in the fraudulent activity.

---

[1] Undesignated statutory references are to the Penal Code.

On August 15, 2014, someone broke into "Sin of Cortez," a commercial establishment, through the front door.  A surveillance video showed that a person entered the facility wearing a ski mask, goggles and a backpack.  The intruder attempted to open an ATM machine inside with a welding torch.  The burglar fled with no money when the alarm was activated.  Investigating officers suspected defendant was the burglar because defendant was previously arrested for theft and other charges while in possession of a welding torch, welding materials and a modified backpack.

Defendant was apprehended after fleeing a motel room.  He had two canisters of pepper spray in his pocket.  Near where defendant was apprehended, officers found a two-way radio and a loaded semiautomatic handgun lying on the ground; both appeared to have been recently discarded.  Officers returned to the motel from where defendant fled and searched defendant's room.

Inside the motel room, officers found commercial grade tempered glass matching the broken glass on the floor of the Sin of Cortez.  They also found an oxygen/acetylene torch inside a modified backpack.  The backpack had a distinctive stripe on it like the backpack seen in the surveillance footage of the burglary at the Sin of Cortez.  Officers also found a two-way radio matching the one they found lying on the ground outside.  In addition, they found drug paraphernalia, several prescription medications, a wooden billy club, a bump key, rubber gloves, wire cutters, bolt cutters, a screwdriver, and glass suction handles.

The officers located Schreiber's driver's license in the motel room, along with additional driver's licenses, check books and credit cards issued to people other than defendant.

That same day, the People filed a "petition for hearing re: violation of probation" alleging defendant violated his probation by failing to report to his probation officer.  The People charged defendant in Butte County Superior Court case No. CM041774 (case No. 774) with numerous felonies and misdemeanors.  As a result of the charges

in case No. 774, the People amended their petition to allege, among other things, that defendant violated his probation by failing to obey all laws. The trial court revoked defendant's probation.

Defendant pleaded no contest in case No. 774 to commercial burglary (§ 459) and being a felon in possession of a firearm (§ 29800, subd. (a)(1)). In exchange for his plea, the remaining charges were dismissed with a *Harvey*[2] waiver.

At sentencing, the trial court reduced defendant's conviction for commercial burglary from a felony to a misdemeanor, as required by Proposition 47, denied defendant's request for probation, and sentenced him to an aggregate term of four years four months in state prison. The trial court imposed various fines and fees, lifting the stay on the previously imposed probation revocation fine in case No. 843, and awarded defendant 160 days of presentence credit in case No. 774 and 121 days of presentence credit in case No. 843.

Defendant did not obtain a certificate of probable cause.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

DISPOSITION

The judgment is affirmed.


      MAURO      , J.


We concur:


     NICHOLSON    , Acting P. J.


     RENNER      , J.